IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DAVID LEE HAYES                                                                         PLAINTIFF

v.                                                                          No. 4:12CV36-NBB-JMV

OFFICER TERRY GALLION
OFFICER NORRIS IRVING
OFFICER ANDREA CRUMP
OFFICER HARRIS
EMMITT SPARKMAN                                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of David Lee Hayes, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have filed moved [30] for summary judgment. Hayes has responded [37] to the motion, and the defendants have replied [43]. The matter is ripe for resolution. For the reasons set forth below, the motion [30] by the defendants will be granted, and judgment will be entered for the defendants in all respects.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper

motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Hayes' Allegations

David Lee Hayes is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") housed at all relevant times at the Mississippi State Penitentiary (MSP). The Defendants are all employees of the Mississippi Department of Corrections. The events in question began when

Hayes received a rule violation report (RVR) for grabbing Defendant Crump by her arm and pulling her up to the bars of his cell. *Rule Violation Report # 1153175*. Hayes denies that he assaulted Crump, but Defendant Nathan Harris, the hearing officer, found him guilty of the infraction. Harris did not permit Hayes to call witnesses at the hearing. As a result of the Rule Violation Report, Hayes was punished with 20 days in isolation and loss of prison privileges for 30 days.

Hayes also alleges that Defendant Norris Irving used excessive force on him in violation of the Eighth Amendment when he was moved to isolation after the incident. Hayes alleges that defendants Crump and Terry Gallion watched the attack and did nothing to intervene. Hayes alleges that Irving then cuffed his hands behind his back, then rammed his head into the wall repeatedly. *See* Dkt #1 at 4. Hayes states that Irving and Gallion then threw him to the ground, still handcuffed, and Irving began stomping on his chest saying, "I will kill you." *See* Dkt #1 at 4. According to Hayes, Irving then put his foot on the his neck and saying, over and over, "I will kill you." *Id*. at 5. Finally, Hayes states that Irving transported him to the holding tank – and repeatedly punched him in the back of the head with his fist. *Id*. at 5. Hayes alleges that he was taken to the infirmary the next day, January 27, 2012, treated for pain in his leg, and given pain pills. *Id*. at 6.

Hayes also alleges that his knee is stiff and swollen as a result of the assault by Officer Irving – and he is receiving only pain pills for treatment. *Id*. at 9. Hayes has not alleged that the defendants in this suit had any involvement his medical care; his claims regarding this issue involve only the physicians working at the Mississippi State Penitentiary. *Id*. at 9.

Finally, Hayes alleges that former Deputy Commissioner, Emmitt Sparkman, failed to properly supervise the correctional officers at the Mississippi State Penitentiary – and failed to grant him relief in the Administrative Remedy Program (ARP) when he initially brought these claims. Hayes seeks expungement of the Rule Violation Report at issue, as well as compensatory and punitive damages.

### *Sandin*

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), Hayes has not set forth a valid claim for violation of the Due Process Clause or any other

constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, Hayes alleges that defendant Crump issued a false Rule Violation Report against him, and defendant Harris (the disciplinary hearing officer) would not permit Hayes to call witnesses in his defense. Hayes was punished by placement in isolation for 20 days and loss of privileges for 30 days. In the absence of extraordinary circumstances, punishments of this type "will never be a ground for a constitutional claim" because they simply "do[] not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F3d 612, 613 (5th Cir. 1996); *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008). None of Hayes' allegations rise to the level of extraordinary circumstances; as such, Hayes' claims regarding violation of his right to due process will be dismissed for failure to state a claim upon which relief could be granted.

**Conclusory Allegations**

Hayes claims, with no factual support, that Emmitt Sparkman, former Deputy Commissioner of the Mississippi Department of Corrections ("MDOC"), failed to properly supervise the correctional officers of MDOC. Such conclusory allegations fail to state a claim upon which relief could be granted. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2006). As such, this allegation will be dismissed.

**Excessive Force**

Hayes also alleges that prison guards used excessive force against him in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Courts must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order; to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).[1] Not every malevolent touch by a prison official gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A single incident of force or a single blow is *de minimis* and thus does not violate of the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993).

---

[1] The standard for analyzing an excessive force claim under 42 U.S.C. § 1983 is the same whether brought under the Due Process Clause by a pretrial detainee or under the Eighth Amendment by a convicted prisoner; therefore, in the following discussion the court will use citations pertaining to each interchangeably. *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993).

Hayes alleges that Norris Irving and Terry Gallion used excessive force against him by: (1) placing him in handcuffs and repeatedly ramming his head against the wall, (2) throwing him to the ground and stomping on his chest while yelling "I will kill you," (3) while Hayes was handcuffed on the ground, stepping on his neck, yelling "I will kill you," then (4) punching the back of his head multiple times. Hayes also alleges that he was taken to the infirmary the next day, where he complained only of pain in his leg. He was treated with pain medication and sent back to his cell.

Hayes' medical records paint a completely different picture of the events in question. Dr. Ho Young Kim examined him the day following the alleged assault, finding "bilateral knees scratch wound Lt 2x2 cm Rt 1x2 cm and small wound at neck." Hayes' Medical Records (attached to the defendants' Motion For Summary Judgment). The only injuries Hayes complained of were two scratches, the largest of which was 2 centimeters (less than one inch), and a small wound to his neck. His treatment consisted of ointment for the scratches. Though Mirtazapine (an antidepressant) was also listed as a medication, Hayes had a prescription for that medication prior to the alleged incident, and it does not appear that he received the medication to treat him for the injuries he allegedly sustained.

In the face of the *de minimis* injuries Hayes has alleged – and the near absence of injury in the objective medical reports – the court must grant the defendants' motion for summary judgment on this issue. The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings[;] [r]ather, it recognizes that despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The non-moving party (the plaintiff in this case), must come forward with proof to support each element of

his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). It would undermine the purpose of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).

In considering a motion for summary judgment, a court must also decide whether the non-moving party's allegations are *plausible. Matsushita, supra*. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). In considering a motion for summary judgment, once the court "has determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision becomes] purely a question of law." *Scott v. Harris*, 550 U.S. 372, 381 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

Hayes alleges that the defendants severely pummeled and kicked him while he was handcuffed and entirely unable to defend himself. He claims that the defendants repeatedly rammed his head into a wall, stomped his chest while he lay flat on the ground, and pounded the back of his head with their fists – all while screaming "I'll kill you." Based upon common sense and general life

experience, a reasonable person would conclude that such a beating would result in grave – possibly fatal – injuries, particularly because Hayes claims that he was restrained, thus unable to defend himself.  Yet Hayes alleges – and his medical records confirm – that he suffered *de minimis* injury, only two minor scratches (less than an inch long) on his legs and a small wound to the back of his neck.  The doctor examined him, gave him some ointment, and sent him on his way.  This is a case where "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it."  *Id.*  Hayes' description of the alleged beating is wildly at odds with the negligible injuries he suffered, and no reasonable jury could conclude that such a beating occurred.  As such, the defendants' motion for summary judgment as to this issue will be granted, and the allegation dismissed.

## Conclusion

In sum, the defendants' motion for summary judgment will be granted, and judgment will be entered for the defendants as to all claims in the instant case.  A final judgment consistent with this memorandum opinion will be entered today.

**SO ORDERED**, this, the 9th day of September, 2014.

    /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE